```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                               )
SCHOOL FOR ARTS IN LEARNING    )
PUBLIC CHARTER SCHOOL,         )
                               )
          Plaintiff,           )
                               )
     v.                        )    Civil Action No. 09-2357 (RWR)
                               )
FATMATA BARRIE, et al.,        )
                               )
          Defendants.          )
_____)
```

## MEMORANDUM OPINION

The School for Arts in Learning Public Charter School ("SAIL"), a District of Columbia public charter school, has sued attorney Fatmata Barrie and the Law Offices of Christopher N. Anwah (the "Anwah Firm"), seeking $3,278.50 in attorney's fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, claiming that it was a prevailing party at the administrative level and that the defendants brought and continued a due process complaint that was frivolous. Barrie moves to dismiss, disputing that SAIL was a prevailing party and arguing that her due process complaint was not without merit. Because SAIL was not a prevailing party, Barrie's motion to dismiss, treated as a motion for summary judgment, will be granted.

## BACKGROUND

In March 2008, the Anwah firm filed an IDEA due process complaint on behalf of Nakeisha Arrington, the parent and legal guardian of K.A., a student eligible to receive special education. The complaint alleged that SAIL, a local education agency ("LEA"), and the District of Columbia Public Schools ("DCPS") had failed to conduct a neuropsychological evaluation and Vineland assessment of K.A. (Compl. ¶¶ 4, 6, 11.) SAIL convened a meeting to resolve the complaint and agreed to conduct the requested evaluation and assessment. (Id. ¶ 12.) In April 2008, a due process hearing was held, and the parties settled all remaining issues before a hearing officer. (Id. ¶ 13.) The hearing officer issued an order, documenting SAIL's agreement to conduct the requested evaluations and stating that the parties would convene a Multi-Disciplinary Team ("MDT") meeting within 15 days after the evaluations were complete to review the evaluations and discuss, in part, K.A.'s individualized education program and compensatory education. (Id. ¶ 14.)

SAIL conducted the evaluations in May 2008, and an MDT meeting was held in June 2008, during which Arrington raised the possibility of K.A. receiving compensatory education. (Id. ¶¶ 15-16.) Although SAIL stated that it did not believe that compensatory education was warranted, SAIL nevertheless proposed as a compensatory education plan a program to be implemented at

SAIL that summer. (Id. ¶ 16; Def. Barrie's Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem.") at 3, 6.) Arrington rejected the plan that was offered and asked unsuccessfully that K.A. be provided with tutoring services at Sylvan Learning Center. (Def.'s Mem. at 3, 5, 6.) SAIL sent a letter on June 16, 2008 to Georgina Oladukun, Arrington's attorney at the Anwah firm, providing details about the summer program SAIL had proposed, but neither Arrington nor Oladukun replied. (Compl. ¶¶ 18-19.)

In August 2009, Barrie, then employed by the Anwah firm, filed another due process complaint on behalf of Arrington, alleging that DCPS and SAIL had failed to develop and implement a compensatory education plan and seeking as relief the tutoring services that SAIL had not agreed to in the June MDT meeting. (Id. ¶¶ 5, 20; Def.'s Mem. at 6-7.) That same month, SAIL faxed a letter to Barrie notifying her that it had offered Arrington a compensatory education plan in a June 16, 2008 letter to Oladukun, without response, and advising Barrie that if she pursued the complaint and SAIL prevailed, SAIL would seek attorney's fees on the basis that the complaint was frivolous. (Compl. ¶ 21.) The next day, SAIL moved to dismiss the complaint, arguing that it had proposed to Arrington in June a compensatory education plan but that Arrington had failed to respond. (Id. ¶ 22.) On September 4, 2009, during a pre-hearing

conference, Arrington's counsel orally withdrew the due process complaint. (Def.'s Mem. at 3, 6.) Thereafter, a hearing officer dismissed as moot the August 2009 due process complaint, finding that SAIL and DCPS had developed and offered to implement a compensatory education plan for the student and Arrington had failed to respond. (Compl. ¶¶ 24-25.)[1]

SAIL filed this action seeking attorney's fees, arguing that it was a prevailing party at the August 2009 administrative hearing and that Barrie's August 2009 due process complaint was frivolous. Barrie moves to dismiss, claiming that SAIL was not a prevailing party and has not shown that the August 2009 due process complaint was frivolous.

## DISCUSSION

"A complaint can be dismissed under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff fails to state a claim upon which relief can be granted." Winston v. Clough, Civil Action No. 07-1411 (RWR), 2010 WL 1875626, at *3 (D.D.C. May 11, 2010) (citing Peavey v. Holder, 657 F. Supp. 2d 180, 185 (D.D.C. 2009)). "In deciding a motion brought under Rule 12(b)(6), a court does not consider matters outside the pleadings[.]" Id. However, if "matters outside the pleadings are presented to and

---

[1] The complaint alleges that DCPS had also moved to dismiss on the ground that it had offered a compensatory education plan that Arrington "signed off on." (Compl. ¶ 23.) It is unclear how that squares with the Hearing Officer's finding that Arrington had not responded.

not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). When the party opposing a motion that presents material outside the pleadings has a reasonable opportunity to contest facts averred outside the pleadings, "the court may convert the motion to a motion for summary judgment without providing notice or the opportunity for discovery to the parties." Winston, 2010 WL 1875626, at *3 (internal quotation marks omitted); see Fed. R. Civ. P. 12(d). Barrie's motion and memorandum present facts outside the complaint. (See Def.'s Mem. at 3, 5-7.) SAIL has had a reasonable opportunity to contest them. Barrie's motion, then, will be treated as one for summary judgment.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009). When a court "consider[s] a motion for summary judgment, all justifiable inferences from the evidence are to be drawn in favor of the nonmovant[,]" Cruz-Packer v. District of Columbia, 539 F. Supp. 2d 181, 189 (D.D.C. 2008) (internal quotation marks omitted), and the court must determine whether a genuine issue of material fact exists "such that a reasonable jury could return a verdict for the non-moving party[.]" Moore, 571 F.3d at 66 (internal quotation marks omitted).

The IDEA permits a court, in its discretion, to award attorney's fees

> to a prevailing party who is a State educational agency or [LEA] against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation[.]

20 U.S.C. § 1415(i)(3)(B)(i)(II). A prevailing party is one who obtains a "judicially sanctioned change in the legal relationship of the parties."[2] Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 605 (2001). "'[A] plaintiff is [not] a "prevailing party" if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct[.]'" Davy v. CIA, 456 F.3d 162, 164 (D.C. Cir. 2006) (quoting Buckhannon, 532 U.S. at 601-02). Rather, "a plaintiff is a prevailing party only if he has 'received a judgment on the merits[.]'" Id. (quoting Buckhannon, 532 U.S. at 605).

The D.C. Circuit has articulated a three-part test for determining prevailing party status: "(1) there must be a 'court-ordered change in the legal relationship' of the parties; (2) the judgment must be in favor of the party seeking fees; and (3) the judicial pronouncement must be accompanied by judicial relief."

---

[2] In the context of IDEA administrative proceedings, a hearing officer's relief serves as "judicially sanctioned" relief. See T.S. ex rel. Skrine v. District of Columbia, Civil Action No. 05-00861 (HHK), 2007 WL 915227, at *4 (D.D.C. Mar. 27, 2007).

District of Columbia v. Straus, 590 F.3d 898, 901 (D.C. Cir. 2010) (quoting Thomas v. Nat'l Sci. Found., 330 F.3d 486, 492-93 (D.C. Cir. 2003)). Although the IDEA does not itself define "prevailing party," Straus applied the second and third factors in order to determine whether DCPS as a defendant named in an IDEA administrative complaint was a prevailing party entitled to attorney's fees. See id. (citing District of Columbia v. Jeppsen, 514 F.3d 1287, 1290 (D.C. Cir. 2008)).

In Straus, parents of a special needs student filed an administrative complaint seeking from a hearing officer an order requiring DCPS to pay for an independent psychiatric evaluation, a declaration that DCPS's delay in conducting the evaluation denied the student a free, appropriate public education, and an award of attorney's fees. Id. at 899-900. The hearing officer, however, dismissed the administrative complaint with prejudice as moot because the only issue then before him was DCPS' failure to conduct the independent evaluation, and DCPS had voluntarily agreed to conduct it. Id. at 900-02. DCPS sued for attorney's fees and, on appeal, the D.C. Circuit found that DCPS had easily satisfied the second factor of the test to determine whether a defendant is a prevailing party because the hearing officer's dismissal of the case was in favor of DCPS. Id. at 901. However, as to the third factor, the court found that the dismissal order provided DCPS with no judicial relief as it

resolved nothing on the merits and provided DCPS with no res judicata protection since DCPS had already agreed to do the one thing at issue at the administrative level. Id. at 902. The court stated that "[i]f the District were considered a prevailing party under these circumstances, then DCPS could ignore its legal obligations until parents sue, voluntarily comply quickly, file for and receive a dismissal with prejudice for mootness, and then recover attorney's fees from the parents' lawyers." Id.; and see District of Columbia v. Straus, 607 F. Supp. 2d 180, 184 (D.D.C. 2009) (same).

Here, Barrie contends in part that SAIL's complaint should be dismissed because SAIL has not shown that it is a prevailing party. SAIL's only argument in response to Barrie's contention is that "[t]he hearing officer below issued an order granting [its] Motion to Dismiss the administrative action with prejudice[.]" (Pl.'s Mem. of P. & A. in Opp'n to Def. Barrie's Mot. to Dismiss at 5.) The hearing officer's order denying as moot Barrie's due process complaint did favor SAIL. However, the hearing officer's order did not provide SAIL with any judicial relief because Barrie orally withdrew her due process complaint at the pre-hearing conference. (See Def.'s Mem. at 3, 6.) That left no live case or controversy for the hearing officer to

adjudicate.³ As in Straus, "the hearing officer resolved nothing on the merits."  590 F.3d at 902.

Because SAIL was not the prevailing party and is not entitled to attorney's fees under the IDEA, Barrie's motion to dismiss the complaint, treated as a motion for summary judgment, will be granted.⁴  Further, because the complaint does not set forth facts supporting any actionable claim, the plaintiff's complaint will be dismissed as to both defendants.  See, e.g., Barnes v. District of Columbia, Civil Action No. 03-2547 (RWR), 2005 WL 1241132, at *3 (D.D.C. May 24, 2005) ("Where, as here, the basis for dismissal is applicable as to another defendant, it is proper to make the holding applicable to the non-moving party as well."); Whitehead v. New Line Cinema, Civil Action No. 98-1231 (PLF), 2000 WL 33351821, at *3 (D.D.C. June 14, 2000)

---

3   SAIL states that the hearing officer found that the complaint was moot because SAIL had offered to Arrington by letter a compensatory education plan to which Arrington failed to respond.  (See Compl. ¶ 22.)  However, the plan SAIL offered by letter was the same plan that Arrington rejected in the June meeting after she demanded tutoring at Sylvan.  While SAIL may have developed and offered to implement a plan, that may or may not have mooted the issue raised in the due process complaint regarding SAIL's failure to develop and implement the plan involving tutoring that Arrington had asked for.  Whether or not the June letter from SAIL was properly regarded as mooting the controversy, Barrie's withdrawal of the complaint was sufficient to moot the case.

4   Barrie also requests attorney's fees and costs.  (Def.'s Mem. at 8.)  Ordinarily, however, parties are required to bear their own attorney's fees absent explicit statutory authority. See Straus, 590 F.3d at 900.  Because Barrie points to no statutory authority that would entitle her to relief, her request for fees will be denied.

(granting summary judgment motion filed by one defendant and entering sua sponte judgment for all remaining defendants because same deficiencies existed with respect to claims against non-moving defendants); Bennett v. Stephens, Civil Action No. 88-2610 (RCL), 1989 WL 17751, at *5 (D.D.C. Feb. 23, 1989) (granting defendants' motions to dismiss and dismissing sua sponte claims against remaining non-moving defendants because same deficiencies existed with regard to claims against non-moving defendants).

## CONCLUSION

Because SAIL was not a prevailing party, Barrie's motion to dismiss, treated as a motion for summary judgment, will be granted as to both defendants. A final, appealable Order accompanies this Memorandum Opinion.

SIGNED this 20th day of July, 2010.

/s/
RICHARD W. ROBERTS
United States District Judge