UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCHOOL FOR ARTS IN LEARNING PUBLIC CHARTER SCHOOL, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 09-2357 (RWR) |
| FATMATA BARRIE, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

The School for Arts in Learning Public Charter School ("SAIL"), a local educational agency under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, moves to alter the judgment denying SAIL an award of attorney's fees for not prevailing on the merits at the administrative level. SAIL argues that the court clearly erred by finding that the defendants orally withdrew the administrative complaint which left the hearing officer nothing to resolve on the merits, and asks for an opportunity to present evidence that the defendants knowingly pursued a frivolous complaint. Because SAIL merely reargues facts upon which the court has already ruled, the motion to alter judgment will be denied.

<u>BACKGROUND</u>

The facts of this case are recited in part in <u>SAIL v. Barrie, et al.</u>, 724 F. Supp. 2d 86, 86-88 (D.D.C. 2010). Briefly, the Law Offices of Christopher N. Anwah (the "Anwah Firm") filed an IDEA administrative due process complaint against SAIL on behalf of parent Nakeisha Arrington's daughter, K.A., in 2008. The complaint accused SAIL of failing to conduct various neuropsychological evaluations of K.A. The parties resolved their disputes at a hearing. <u>Id.</u> at 87. Thereafter, the hearing officer issued an order reflecting SAIL's agreement to complete the evaluations and to convene a multi-disciplinary team ("MDT") to discuss K.A.'s individualized education program and compensatory education. <u>Id.</u> In a June 2008 letter following the MDT meeting, SAIL offered to enroll K.A. in a 2008 summer youth program instead of sponsoring the tutoring at Sylvan Learning Center that Arrington had requested as compensatory education. (Pl.'s Reply to Def.'s Opp. to Pl.'s Mot. to Alter J. ("Pl.'s Reply"), Ex. 2A at 2.) SAIL received no response. (Pl.'s Reply, Ex. 2 at 1.)

In August 2009, defendant Fatmata Barrie, then an Anwah firm employee, filed a second due process complaint on Arrington's behalf. It alleged that at a May 2009 MDT meeting, Arrington again requested compensatory education for missed services during the 2007-2008 and 2008-2009 school years, and that the MDT team

agreed that the school system would address the issue but the system did not do so. (Pl.'s Reply, Ex. 3 at 3.) The complaint sought funding of an independent tutor of the parent's choice as compensatory education. SAIL moved to dismiss the complaint, which Barrie announced at the outset of a September 2009 pre-hearing conference that she withdrew. (Pl.'s Mot. to Alter J. ("Mot. to Alter"), Ex. 1 at 2-3.) The hearing officer nevertheless concluded thereafter that the June 2008 letter had offered Arrington the relief she sought and that the complaint therefore was moot. He granted SAIL's motion and dismissed the complaint with prejudice.

SAIL sued Barrie and the Anwah Firm here for attorney's fees, arguing that it had prevailed[1] at the August 2009 administrative hearing and that the second due process complaint was frivolous. However, Barrie filed a motion to dismiss which was construed as one for summary judgment, and it was granted. The court found that Barrie orally withdrew her due process complaint at the pre-hearing conference thereby mooting it, and that the hearing officer's dismissal of a case thus mooted resolved nothing on the merits and provided SAIL with no judicial

---

[1]     Under the IDEA, courts may award attorney's fees "to a prevailing party who is a State educational agency or local education agency against the attorney of a parent who files a complaint or subsequent cause of action that is [or continues to litigate after the litigation clearly becomes] frivolous, unreasonable, or without foundation[.]" 20 U.S.C. § 1415(i)(3)(B)(i)(II).

relief.  <u>SAIL</u>, 724 F. Supp. 2d at 90; <u>see also</u> <u>District of</u>
<u>Columbia v. Straus</u>, 590 F.3d 898, 901 (D.C. Cir. 2010).

Arguing that the hearing officer afforded SAIL judicial
relief, SAIL now moves to vacate the summary judgment in favor of
the defendants and to offer evidence that Barrie knowingly
pursued a frivolous complaint.

## DISCUSSION

Courts need not grant a Rule 59(e) motion to alter a
judgment unless "there is an 'intervening change of controlling
law, the availability of new evidence, or the need to correct a
clear error or prevent manifest injustice.'" <u>Firestone v.</u>
<u>Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal citation
omitted).  Courts have routinely held that Rule 59(e) motions are
not vehicles for "'reargu[ing] facts and theories upon which a
court has already ruled[,]'" or for "rais[ing] new issues that
could have been raised previously.'" <u>Ala. Educ. Ass'n v. Chao</u>,
595 F. Supp. 2d 93, 96 (D.D.C. 2009) (internal citation
omitted)); <u>Harvey v. D.C.</u>, 949 F. Supp. 878, 879 (D.D.C. 1996).
Indeed, such motions are "disfavored" and granted only upon a
showing of "extraordinary circumstances." <u>Sataki v. Broad. Bd.</u>
<u>of Governors</u>, 272 F.R.D. 21, 24 (D.D.C. 2010) (internal citation
omitted).

SAIL asserts that it was clear legal error to find that the
defendants orally withdrew the due process complaint leaving no

merits relief to be granted.  It argues that the hearing officer
declined to accept the oral withdrawal in the absence of prior
notice of a withdrawal, found on the merits that SAIL's June 2008
letter had granted the relief the defendants sought making moot
their complaint, and as relief to SAIL, dismissed the defendants'
complaint with prejudice.  Therefore, SAIL concludes, it was a
prevailing party and is entitled to present evidence here that
the defendants had knowingly pursued a frivolous due process
complaint.

A prevailing party obtains a "judicially sanctioned change
in the legal relationship of the parties." SAIL, 724 F. Supp. 2d
at 88-89 (internal citation omitted).  In this circuit, courts
assign prevailing party status if: "(1) there . . . [is] a
'court-ordered change in the legal relationship' of the parties;
(2) the judgment [is] . . . in favor of the party seeking fees;
and (3) the judicial pronouncement [is] . . . accompanied by
judicial relief." See SAIL, 724 F. Supp. 2d at 89 (quoting
Straus, 590 F.3d at 901).  The second and third factors are
applied to assess whether a school named as a defendant in an
IDEA administrative complaint qualifies as a prevailing party
entitled to attorney's fees.  See District of Columbia v.
Jeppsen, 514 F.3d 1287, 1290 (D.C. Cir. 2008).[2]  To fulfill the
third prong, a party must succeed on the merits of the case.  See

---

[2]    The court found that the second prong of the Straus test was
satisfied.  See SAIL, 724 F. Supp. 2d at 89.

<u>Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and</u>
<u>Human Services</u>, 532 U.S. 598, 605 (2001).

In turn, clearly erroneous findings lack "substantial
evidentiary support or . . . [were] induced by an erroneous
application of the law[.]"  <u>N. Cent. Airlines, Inc. v. Cont'l Oil</u>
<u>Co.</u>, 574 F.2d 582, 587 n.14 (D.C. Cir. 1978) (internal citation
omitted).  "Beyond that, a finding is clearly erroneous when
although there is evidence to support it, the reviewing court on
the entire evidence is left with the definite and firm conviction
that a mistake has been committed."  <u>Id.</u> (internal quotation
marks and citation omitted).

SAIL's challenge to the finding that the defendants orally
withdrew their due process complaint merely reargues an issue
that was previously litigated by the parties and decided, and is
not entitled to a new airing.  In any event, the hearing
officer's order demonstrates that the finding was not a product
of legal or factual error.  The order makes plain that at the
outset of the hearing, the defendants stated that they withdrew
the due process complaint.  (Mot. to Alter, Ex. 1 at 3.)  As <u>SAIL</u>
explained, that left no live case or controversy to adjudicate.
724 F. Supp. 2d at 90.  Whether the defendants had provided
notice of the withdrawal before the hearing or orally at the
outset of the hearing does not change the result.  And what the
hearing officer did or said after that would not resurrect a

controversy that the defendants had already put to rest. There simply were no merits to reach, and there was no relief on the merits to be awarded.[3]

Nor does SAIL identify any other basis for altering the judgment. It cites no intervening change of controlling law or any manifest injustice. The only "new" evidence SAIL cites -- the hearing officer's September 2009 Order -- was published five months before SAIL opposed Barrie's motion to dismiss. (See Pl.'s Mot. to Alter J. at 5.) The Order is not "new" within the meaning of <u>Firestone</u> and does not form a basis for altering the court's judgment. <u>Firestone</u>, 76 F.3d at 1208.[4] Accordingly, no

---

[3]    As <u>SAIL</u> noted, the plaintiff's June 2008 letter may or may not have mooted the controversy. 724 F. Supp. 2d at 90 n.3. The letter offered a plan for the summer of 2008, not the tutoring at Sylvan that the defendants sought. While the letter may or may not have mooted any claim that SAIL failed to develop a plan to provide compensatory education services missed during the 2007-2008 school year, the due process complaint also complained of SAIL's failure to create a plan for the 2008-2009 year, and failure to keep its May 15, 2009 agreement to address the defendants' renewed request for compensatory education.

[4]    SAIL claims that had it anticipated that the defendant's motion to dismiss would have been treated as a motion for summary judgment, it would have provided the hearing officer's order with its opposition to show that judicial relief was awarded (Pl.'s Mem. in Supp. of Pl.'s Mot. to Alter J. at 5), and filed its own summary judgment motion to show that the administrative complaint was frivolous (Pl.'s Reply at 2). However, SAIL saw the same facts outside of the pleadings that the defendants presented in their motion to dismiss as the court saw and cited that warranted summary judgment treatment under Fed. R. Civ. P. 12(d). <u>SAIL</u>, 724 F. Supp. 2d at 88. That was the time to present a factual response or a cross motion, not after an adverse judgment was entered.

-8-

clear error infected the court's determination that the hearing officer did not afford SAIL judicial relief.

CONCLUSION AND ORDER

SAIL has presented no intervening change in controlling law, new evidence, clear error, or manifest injustice that would warrant altering the summary judgment for the defendants. Accordingly, it is hereby

ORDERED that SAIL's motion [13] to alter judgment be, and hereby is, DENIED.

SIGNED this 29th day of August, 2011.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge